## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BECKLEY DIVISION

**EDGAR IGNACIO OREA, individually,**

      **Plaintiff,**

**v.**                             **CIVIL ACTION NO. 1:23-CV-00667**

**OFC. D.R. BARKER, individually and**
**THE CITY OF BLUEFIELD, a political**
**Subdivision of the State of West Virginia,**

      **Defendants.**

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
### PARTIAL MOTION TO DISMISS

**COME NOW** Defendants Ofc. D.R. Barker and the City of Bluefield, by counsel, Chip E. Williams and Jared C. Underwood of the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and hereby move this Court for an Order dismissing Plaintiff's Complaint. In support of their Motion, these Defendants state and aver as follows:

### STATEMENT OF FACTS AND PROCEDURE

This civil action arises from the allegations that the defendants, Officer D.R. Barker and The City of Bluefield violated the Plaintiff's First and Fourth Amendment Rights, pursuant to 42 U.S.C. § 1983. Specifically, the plaintiff alleges that he was falsely arrested for exercising his 1st Amendment right while preaching during a Bluefield High School football game at the stadium.

Plaintiff alleges that on the evening of October 8, 2021 Plaintiff was engaging in peaceful pro-life advocacy on public property outside of Mitchell Stadium in Bluefield, West Virginia during a high school football game. ECF Doc. No. 1 at ¶ 6. As part of his pro-life advocacy,

Plaintiff was displaying a large sign which depicted a graphic and gruesome photo of an aborted fetus. *Id*. At some point that evening Plaintiff was approached by Defendant Barker, who at the time was on duty, in uniform, and acting under color of law in his capacity as a Bluefield City police officer. *Id*. at ¶ 7. Plaintiff further alleges that Defendant Barker advised that he had been approached by the school's principal, who expressed concern about the graphic nature of the photo and children being exposed to it. Allegedly, Defendant Barker then "ordered" Plaintiff to take the sign down because it was deemed to be explicit and indecent content not suitable for young children to be viewing at a high school football game. *Id*.

Plaintiff alleges that he advised Defendant Barker that he was engaging in protected speech, that he had a constitutionally protected right to be there, and that he respectfully refused to take the sign down. Defendant Barker continued to insist that Plaintiff take the sign down and remove it from the premises. Plaintiff continued to respectfully refuse to remove the sign from the premises, but he did lay it down. Despite Plaintiff having lain the sign down, Defendant Barker continued to insist that Plaintiff completely remove the sign from the premises. Plaintiff continued to respectfully refuse, and Defendant Barker proceeded to arrest him for obstructing and disorderly conduct. After placing Plaintiff under arrest, Defendant Barker proceeded to confiscate Plaintiff's sign, camera, and phone. Plaintiff was then transported to the Bluefield Police Station for processing. Plaintiff ultimately remained in jail overnight. Plaintiff avers that both charges were subsequently dismissed on April 15, 2022; however, Plaintiff's sign was never returned to him. Id. at ¶¶ 8-10.

Plaintiff has asserted a *Monell* claim against The City of Bluefield. Plaintiff states that the actions of Defendant Barker, an employee of the City of Bluefield, of engaging in deterring lawful First Amendment protected speech, and in the unlawful arrest and search and seizure of Plaintiff

and his property on October 8, 2021, were taken in furtherance of the said official policy, custom, and practice of the Bluefield Police Department. *Id*. at Count Three.

## <u>LEGAL STANDARD</u>

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] (providing general rules of pleading) . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.)" (*Id*.) Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In reviewing a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the Court must "accept as true all of the factual allegations contained in the complaint." *Erikson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Furthermore, the Court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice…[because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570.) In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly,* 550 U.S. at 570.) In the complaint, a plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557.) "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## LEGAL ARGUMENT

**A. Defendant City of Bluefield cannot be held liable for any 42 U.S.C. §1983 claims asserted against it as alleged in Count Three as the Plaintiff has failed to meet the pleading standards of *Iqbal/Twombly*.**

"[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 691 (U.S. 1978). Local government therefore may not be sued under 1983 solely on a *respondeat* theory, but rather only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts injury for which the government as an entity is responsible under § 1983. *Id*. at 694; see also *Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir. W.Va. 1999)(holding plaintiff seeking to impose liability on municipality must adequately plead and prove existence of an official policy or custom that is fairly attributed to the municipality and that proximately caused the deprivation of their civil rights). "Proof of a single incident of

unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-824 (U.S. 1985); see also *Semple*, F.3d at 713-14 (proof of single incident of the unconstitutional activity charged is not sufficient to prove the existence of a municipal custom).

"[T]he substantive requirements for establishing municipal liability for police misconduct are stringent indeed. The critical Supreme Court decisions have imposed this stringency in a deliberate effort to avoid the indirect or inadvertent imposition of forms of vicarious liability rejected in *Monell*." *Spell v. McDaniel*, 824 F.2d 1380, 1391 (4th Cir. 1987). Courts have required plaintiffs to demonstrate "persistent and widespread . . . practices of [municipal] officials," along with the "duration and frequency" - which indicate that policymakers (1) had actual or constructive knowledge of the conduct, and (2) failed to correct it due to their "deliberate indifference." *Spell*, 824 F.2d at 1386-91. Sporadic or isolated violations of rights will not give rise to *Monell* liability; only "widespread or flagrant" violations will. *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 402-03 (4th Cir. 2014) (citing *Spell*, 824 F.2d at 1387).

Municipal liability results only when policy or custom is "(1) fairly attributable to the municipality as its 'own,' and is (2) the 'moving force' behind the particular constitutional violation." *Spell*, 824 F.2d at 1386-87 (citations omitted). "Custom and usage" require a showing that the "duration and frequency of the practices warrants a finding of either actual or constructive knowledge by the municipal governing body that the practices have become customary among its employees." *Id*. at 1387. The actual knowledge can be established by reports or discussions. *Id*. Constructive knowledge may be shown by the practices being "so widespread or flagrant that in the proper exercise of its official responsibilities the governing body should have known of them."

*Id*. In other words, the "deliberate indifference" standard under *Spell* requires that a municipality either knew or should have known about the deficiency, so it could remedy that deficiency. *Estate of Jones by Jones v. City of Martinsburg*, *West Virginia*, 961 F.3d 661, 672 (4th Cir. 2020). Such a developed "custom or usage" may then become the basis of municipal liability, but only if its continued existence can be laid to the fault of municipal policymakers, and a sufficient causal connection between the "municipal custom and usage" and the specific violation can then be established. *Id*. at 1390.

In *Carter v. Morris*, 164 F.3d 215 (4th Cir. 1999), the plaintiff brought suit against the Danville Police Department. The Fourth Circuit found that the plaintiff's allegations were insufficient to establish *Monell* liability. The court boiled down plaintiff's cited incidents to two instances — in addition to the instance at issue in the case — of "even arguably unlawful arrests" or unreasonable searches and seizures by the Danville Police Department. *Id*. at 219. The court referred to this evidence as a "meager history of isolated incidents" that does not reach the required "widespread and permanent" practice necessary to establish a municipal custom. *Id*. at 220. The court also noted that the plaintiff showed no relevant incident prior to her own case of which the City could have had knowledge and could have acquiesced. *Id*.

In this case, Plaintiff has not pled specific facts that indicate that Defendant Barker, or even other City of Bluefield law enforcement officers, violated the First and Fourth Amendments of individuals other than the singular event with the Plaintiff on October 8, 2021. Also, the Complaint does not allege that Defendant City of Bluefield knew about any other instances of Defendants violating the First and Fourth Amendments to the United States Constitution. Furthermore, the Complaint is devoid of any facts which would support an assertion that the Defendants had a

custom, policy, or practice of violating the First and Fourth Amendment rights of persons.

Therefore, any §1983 *Monell* claim against the City must be dismissed as a matter of law.

**OFFICER D.R. BARKER, individually, and THE CITY OF BLUEFIELD, a political subdivision of the State of West Virginia**

By Counsel

*/s/  Jared C. Underwood*
Jared C. Underwood WV SB# 12141
Chip E. Williams WV SB# 8116

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC***
252 George Street
Beckley, WV  25801
Telephone:     (304) 254-9300
Facsimile:      (304) 255-5519

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

EDGAR IGNACIO OREA, individually,

       Plaintiff,

v.                          CIVIL ACTION NO. 1:23-CV-00667

OFC. D.R. BARKER, individually and
THE CITY OF BLUEFIELD, a political
Subdivision of the State of West Virginia,

       Defendants

## CERTIFICATE OF SERVICE

The undersigned, counsel of record for Defendants, Officer D.R. Barker and The City of Bluefield, do hereby certify on this 15th day of March, 2024, that a true copy of the foregoing **"*Defendants' Memorandum of Law in Support of their Partial Motion to Dismiss*"** was served upon counsel of record via CM/ECF as follows:

John H. Bryan, Esquire
411 Main Street
Post Office Box 366
Union, West Virginia 24983

*/s/ Jared C. Underwood*
Jared C. Underwood WV SB# 12141
Chip E. Williams WV SB# 8116

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC***
252 George Street
Beckley, WV  25801
Telephone:    (304) 254-9300
Facsimile:     (304) 255-5519